IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Central Division for the District of Utah

| | |
|---|---|
| REBECCA A. COLONNA, and JACK N. COLONNA, | **REPORT AND RECOMMENDATION** |
| **Plaintiffs**, | **Case No.** 2:05-CV-00128 TC |
| vs. | **District Judge Tena Campbell** |
| BRIAN WEIDMER, AARON KENNARD, LEISHA M. LEE-DIXON, and JOHN DOES et al. (1-100), | **Magistrate Judge David Nuffer** |
| **Defendants**. | |

Rebecca A. Colonna filed suit against Brian Weidmer (Sheriff's Deputy), Aaron D. Kennard (Salt Lake County Sheriff) and Leisha M. Lee-Dixon (an Assistant U.S. Attorney) for acts arising out of a search and seizure of property in the Colonna home under authority of a search warrant issued June 14, 2000. Colonna alleges that her civil rights were violated during the search and seizure because the search warrant was obtained through fraudulent statements made by Officer Weidmer in the affidavit supporting the warrant. She also claims that her civil rights were violated in the manner which the warrant was executed. Colonna purported to file the suit on behalf of herself and her husband Jack N. Colonna. This case has been referred to Magistrate Judge David Nuffer by authority of 28 U.S.C. § 636 (b)(1)(B). It is now before the court on a motion to dismiss.

## Background

A search warrant was issued on June 14, 2000 by Judge William Barrett of the Third District Court in Salt Lake City, Utah. The warrant authorized the seizure of "marijuana,

packaging material, paraphernalia, residency papers, currency, narcotic recordations, and any other fruits and/or instrumentalities of the crime of distribution of a controlled substance, and or possession of a controlled substance."[1]  Apparently, several statements made by Officer Brian Weidmer in Weidmer's affidavit supporting the search warrant were false, or at least misleading or inaccurate.[2]  Rebecca Colonna claims that the search was illegal because the warrant was obtained through these false statements made in the affidavit.[3]  The search of the Colonna home led to the arrest of Jack Colonna and the seizure of weapons from the home.  Colonna additionally claims that police did not have the right to seize any weapons in the search because weapons were not included on the list of "Items to be Seized."[4]  Finally, Colonna alleges that the police were negligent in obtaining and executing the search warrant because the warrant was issued based on Weidmer's false statements in his affidavit and that Weidmer committed perjury by lying in his affidavit to obtain the search warrant, both in violation of 18 U.S.C. § 1001.[5]  Jack N. Colonna was indicted on September 6, 2000 for Possession of a Firearm by a Convicted Felon and Possession of Ammunition by a Convicted Felon, both in violation of 18 U.S.C. § 922(g)(1).

---

[1] Plaintiff Rebecca Colonna's Complaint at 2, ¶ 3, Dkt. no. 3, filed 2/18/2005.

[2] Complaint at 1, ¶ 2.

[3] *Id*.

[4] *Id*. at 2 ¶ 3.

[5] Plaintiff Rebecca Colonna's Response to Motion to Dismiss at 2, ¶ 6, Dkt. no. 14, filed 4/8/2005.

**Motion to Dismiss**

Defendant Officers Weidmar and Kennard have filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[6] Specifically, Defendants Weidmar and Kennard contend that Plaintiff's claims should be dismissed because (1) Plaintiff has no private cause of action under 18 U.S.C. § 1001, (2) Plaintiff is not a member of the bar and cannot assert any claims on behalf of Jack Colonna, (3) Plaintiff has failed to state a claim upon which relief can be granted and (4) Defendants are immune from suit for claims of negligence under Utah's Governmental Immunity Statutes .

**Standard of Analysis**

As a pro se litigant, Colonna is afforded the right to have her complaint "liberally construed."[7] "If the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[8] However, the Court should not become an advocate for the pro se plaintiff.[9]

Under a Rule 12(b)(6) motion to dismiss, "the complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts

---

[6] Defendants Motion to Dismiss at 1, ¶ 1 - 4, Dkt. No. 10, filed 3/29/2005.

[7] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

in support of [her] claim which would entitle [her] to relief.'"[10]

## No Private Cause of Action Under 18 U.S.C. §1001

Colonna's complaint charges Weidmar with violating 18 U.S.C. § 1001, a criminal statute providing that one who makes false or fraudulent statements within the jurisdiction of any department or agency of the United States shall be fined or imprisoned.  However, "no private right of action is provided under this statute."[11]   Accordingly, Colonna may not raise a claim against Weidmar for violation of 18 U.S.C. § 1001.

## Plaintiff Cannot Assert Claims for Jack Colonna

Plaintiff lacks standing to assert the rights and claims of her husband, Jack Colonna, because Plaintiff did not suffer an alleged injury that is redressable by the Court.[12]

Similarly, Colonna may not represent her husband in federal court because Colonna is not a licensed member of the bar.  Colonna is limited to representing her own legal rights and cannot represent those of third parties.[13]   Therefore, Colonna's claims on behalf of her husband should be dismissed.[14]

---

[10]  *Hall*, 935 F.2d at 1109 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))(footnote omitted).

[11]  *Williams v. McCausland*, 791 F.Supp. 992, 1001 (S.D.N.Y. 1992); *see also Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987) (finding no "affirmative indication that Congress intended to furnish civil remedies"); *Daniels v. American Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001) (holding "only the government may prosecute a defendant" for violation of 18 U.S.C. § 1001).

[12]  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

[13]  See 28 U.S.C. §1654 ("parties may plead and conduct their own cases personally or by counsel"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  See also *Warth v. Seldin*, 422 U.S. 490 (1975).

[14]  Plaintiff acknowledges that a pro se litigant cannot represent another person.  (Plaintiff Rebecca Colonna's Response to Motion to Dismiss at 2, ¶ 5, Dkt. no. 14, filed 4/8/2005).

**Plaintiff Has Failed to State a Claim upon Which Relief Can Be Granted**

Colonna apparently claims that because of the false and misleading statements made in the affidavit, the warrant was not supported by probable cause. However, this Court has already ruled in the context of a Motion to Suppress in the criminal case that probable cause existed to obtain the search warrant.[15]  Despite the presence of some misleading statements in the affidavit, District Judge Ted Stewart found the warrant "facially valid" and that the information used by the state court to find probable cause was "reliable, and was not stale or overbroad."[16]  Colonna attached these findings to her complaint.[17]  The Tenth Circuit has held that "a written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal."[18]  Because this Court has already ruled that there was probable cause for the search warrant to be issued, Colonna cannot state a claim based on the warrant's invalidity.

In addition, Colonna alleges that the officers exceeded the scope of the warrant by seizing a gun which was not included in the list of items to be seized.  But the firearm was subject to seizure under the "fruits and instrumentalities" clause of the search warrant.  The Third Circuit has held that "the connection between the guns and drugs was close enough to

---

[15] Order Denying Defendant's Motion to Suppress at 5, ¶ 1, 2:00-CR-00411 TS, Dkt. No. 67, filed 6/20/2002 (attached to complaint).

[16] *Id*.

[17] Dkt. no. 3, filed 2/18/2005.

[18] *Hall*, 935 F.2d at 1112.

justify seizure of the guns under the warrant."[19]  Courts have also recognized that "firearms are tools of the narcotics trade."[20]

Even if the fruits and instrumentalities clause was impermissibly broad, the gun would still be subject to seizure under the "plain view doctrine."  Officers executing a search warrant may seize items not listed in the warrant if they come across an item of "incriminating character" and it is "immediately apparent" to the police that the evidence is incriminating.[21]  On several occasions, the Tenth Circuit has upheld the seizure of weapons while executing a search warrant for drugs.[22]

In this case, the officers had probable cause to obtain the search warrant and were lawfully on the property to execute the warrant.  They also had knowledge of Mr. Colonna's criminal record as well as his statements to a deputy that he owned a handgun, which he is restricted from owning because of his prior criminal record.[23]  Thus, when the officers saw the gun while executing the warrant, justification for its seizure was immediately apparent.

### Negligence

Colonna alleges that the officers were negligent in obtaining and executing the search warrant.  Negligence is a claim under state law.  Because Colonna's complaint fails to state a

---

[19] *United States v. Calisto*, 838 F.2d 711, 716 (3d Cir. 1988).  Courts in the Tenth Circuit have similarly held that weapons are fruits or instrumentalities of drug offenses.  See *United States v. Moore*, 1989 WL 47278 (D.Kan. 1989) (unpublished opinion).

[20] *United States v. Randle*, 815 F.2d 505, 508 (9th Cir. 1987).

[21] *Coolidge v. New Hampshire*, 403 U.S. 443, 465-66 (1971); *Horton v. California*, 496 U.S. 128 (1990).

[22] *See, e.g., United States v. Matthews*, 942 F.2d 779 (10th Cir. 1991); *United States v. Le*, 173 F.3d 1258 (10th Cir. 1999).

[23] Affidavit of Officer Brian Weidmer at 6 ¶ 7.  (Attached to Plaintiff Rebecca Colonna's Complaint, Dkt. No. 3, filed 2/18/2005).

federal claim upon which relief can be granted, this Court should decline to exercise its supplemental jurisdiction over the state law claim.[24]

### Recommendation

Colonna's complaint fails to state a claim upon which relief can be granted. Therefore, this Court should grant the Motion to Dismiss filed by Defendants Weidmer and Kennard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[25]

Copies of the foregoing Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. §636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 23rd day of November, 2005

_____
David Nuffer
United States Magistrate Judge

---

[24] See 28 U.S.C. §1367(c)(3); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Baker v. Board of Regents*, 991 F.2d 628, 634 (10th Cir. 1993).

[25] Dkt. no. 10, filed 3/29/2005.