IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REBECCA A. COLONNA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WEIDMER, AARON D. KENNARD, and LESHIA M. LEE-DIXON,<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:05-CV-128 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff Rebecca A. Colonna filed suit against Brian Weidmer, Aaron D. Kennard, and Leshia M. Lee-Dixon. The court previously granted Weidmer and Kennard's motion to dismiss, leaving Lee-Dixon as the only defendant remaining in this case.[1] The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B), and is presently before the court on Lee-Dixon's motion to dismiss[2] and Colonna's motions for default judgment[3] and to strike Lee-Dixon's motion to dismiss.[4]

Lee-Dixon is an Assistant United States Attorney who prosecuted Colonna's husband, Jack Colonna, in a federal criminal trial. In this civil case, Colonna alleges that Lee-Dixon elicited false testimony against Jack Colonna at trial. Because Colonna has no standing to assert

---

[1] Order Adopting Report & Recommendation, Docket no. 23, filed December 13, 2005.

[2] Docket no. 18, filed October 6, 2005.

[3] Docket no. 16, filed September 19, 2005.

[4] Docket no. 19, filed November 1, 2005.

a claim on behalf of her husband, and because Lee-Dixon is entitled to prosecutorial immunity, Lee-Dixon's motion to dismiss should be granted, and Colonna's motions should be denied.

**Colonna May Not Represent Her Husband in Federal Court**

Under federal statutory law, parties may conduct their own cases in federal court either personally or by counsel.[5] If a party chooses not to represent himself, he may appear only through a licensed attorney.[6] All pleadings, motions, and other papers must be signed by an attorney, or if the party is not represented by an attorney, by the party.[7]

Rebecca Colonna, who is proceeding pro se, initially filed this case naming herself and Jack Colonna as plaintiffs. However, Jack Colonna did not sign the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Since Rebecca Colonna is not a licensed member of the bar, she may not represent her husband in federal court. Therefore, Jack Colonna is not a plaintiff in this case.

Rebecca Colonna asserts that the court should take judicial notice that Jack Colonna "has previously corrected the defect of signature," and is in compliance with the requirements of Rule 11.[8] By this statement, she apparently is referring to the fact that some of the plaintiff's more recent filings in this case have been signed by both Rebecca and Jack Colonna. She states that because the court has made no determination removing Jack Colonna from participation in the proceedings, he remains able to act as a plaintiff in this the case.

---

[5] 28 U.S.C. § 1654.

[6] See *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); see Fed. R. Civ. P. 11(a).

[7] Fed. R. Civ. P. 11(a).

[8] Colonna's Motion to Strike Lee-Dixon's Motion to Dismiss at 4, docket no. 19, filed November 1, 2005.

The court notes, however, that no complaint signed by Jack Colonna has ever been filed in this case. "The purpose of requiring unrepresented parties to sign their pleadings . . . was to make certain that those named as parties in an action in which there was no lawyer representing them actually had assented to the filing of the action on their behalf."[9] The Fifth Circuit in *Gonzales v. Wyatt* has observed that where the unsigned complaint is tendered to the clerk by the pro se party himself, the purpose of Rule 11(a) may be sufficiently fulfilled "if the party with reasonable promptness thereafter signs and refiles the document."[10] However, "where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but he cannot be represented by a nonlawyer."[11]

In *Gonzales*, the complaint apparently was written and submitted to the clerk of the court by an inmate, not the plaintiff, incarcerated at a facility where the plaintiff formerly had been housed and where the claim arose. It appeared that the actual plaintiff did not even see, or have read to him, the complaint before it was filed.[12] Similarly, in this case, there is no indication that Jack Colonna ever read the complaint before it was filed by Rebecca Colonna.

The court in *Gonzales* suggests that where a nonlawyer signs and files the complaint on behalf of another, "no signing or ratification by the thus "represented" party *after* expiration of

---

[9] 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1334 (3d ed. 2004), *quoted in Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).

[10] *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).

[11] *Id*.

[12] *Id*.

the [120-day time limit of Rule 4(m)] can be effective."[13]  However, even if the court were to conclude that by signing subsequent submissions to the court, Jack Colonna ratified the complaint and is thus before the court as a plaintiff, the complaint still should be dismissed as discussed below.

**Rebecca Colonna Lacks Standing to Assert a Claim**

Rebecca Colonna does not mention Defendant Lee-Dixon by name in the body of the complaint.  However, she alleges that the "District Attorney's Office" (presumably the U.S. Attorney's Office) did not conduct an inquiry into the credibility of Defendant Brian Weidmer, and allowed him to testify in court resulting in the conviction and incarceration of Jack Colonna.  Construing these allegations liberally,[14] Rebecca Colonna seemingly implies that Lee-Dixon elicited false testimony at trial that resulted in Jack Colonna's conviction.

As an Article III court, this court's jurisdiction "is limited by the Constitution to 'cases and controversies.'"[15]  A principal element of a justiciable controversy is that the plaintiff must have standing to maintain a suit.[16]  There are three basic requirements for standing:  (1) injury in fact (2) caused by the defendant's conduct, (3) that would be redressable by a favorable ruling by the court.[17]  "An injury in fact is an invasion of a legally protected interest."[18]  In addition, "the

---

[13] *See id.* at 1022.

[14] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[15] *Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004)(quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

[16] *Morgan*, 365 F.3d at 887 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[17] *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005); *Morgan*, 365 F.3d at 887-88.

[18] *Morgan*, 365 F.3d at 887-88; *accord Nova Health Sys.*, 416 F.3d at 1154.

plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."[19]

In this case, Rebecca Colonna has suffered no injury in fact. There is no indication in the complaint that the allegedly false testimony was used against her in any way. Rather, she alleges only that the testimony resulted in the conviction of Jack Colonna. Because Rebecca Colonna cannot assert the legal rights of her husband, she has no standing to maintain a claim against Lee-Dixon.

**Lee-Dixon Is Entitled to Prosecutorial Immunity**

It is unclear from the complaint what type of relief Rebecca Colonna seeks. However, to the extent she seeks damages, Lee-Dixon has absolute immunity. A prosecutor is absolutely immune from a suit for damages for activities that are "intimately associated with the judicial phase of the criminal process."[20] This immunity is not defeated even by a showing that the prosecutor acted wrongfully.[21] In the instant case, the acts of which Colonna complains occurred during Jack Colonna's criminal trial. Thus, Lee-Dixon's actions were "intimately associated with the judicial phase of the criminal process."[22] Accordingly, she is entitled to absolute immunity from suit. This immunity would bar this action even if brought by Jack Colonna.

---

[19] *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *accord Seamons v. Snow*, 84 F.3d 1226, 1239 (10th Cir. 1996); *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

[20] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *accord DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993).

[21] *See Imbler*, 424 U.S. 409 (prosecutor alleged to have used false testimony at trial). *See also Burns v. Reed*, 500 U.S. 478 (1991)(prosecutor immune even though he allegedly elicited false testimony at probable cause hearing).

[22] *Imbler*, 424 U.S. at 430.

**Failure to Properly Serve Defendant**

Lee-Dixon states that the Attorney General was never served in this case as required by Rule 4(i) of the Federal Rules of Civil Procedure for service on an officer of the United States.[23] She contends that the complaint therefore should be dismissed for failure to effect proper service within the 120-day time limit prescribed by Fed. R. Civ. P. 4(m). However, Rule 4(m) provides that if the plaintiff is able to show good cause for the failure to effect proper service, "the court shall extend the time for service for an appropriate period." Several courts have held that "good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshall."[24]

In this case, the court entered an order directing court employees to issue process to be served by the U.S. Marshal under 28 U.S.C. § 1915(d).[25] Although it is unclear why the Attorney General was not served, the alleged failure to effect proper service seems to be fairly attributable to government employees, rather than Colonna. Thus, the court concludes that it would be inappropriate to dismiss the complaint on the ground that Colonna failed to effect proper service. Nevertheless, the magistrate judge declines to extend the time to effect proper service, because it would be futile.

---

[23]Counsel for Lee-Dixon also argues that the United States Attorney was not served as required by the rule. (Federal Defendant's Memorandum in Support of Motion to Dismiss at 8, docket no. 18, filed October 6, 2005.) However, the court's file indicates that Lee-Dixon was personally served. (Docket no. 9, filed March 11, 2005.) Since Lee-Dixon is an Assistant United States Attorney, service on Lee-Dixon constituted service on the United States Attorney. See Fed. R. Civ. P. 4(i)(1)(A).

[24]*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)(collecting cases).

[25]Docket no. 7, filed March 10, 2005.

**Colonna's Motion to Strike and Motion for Default Judgment**

Rebecca Colonna has filed a motion to strike[26] Lee-Dixon's motion to dismiss, and a motion for default judgment under Rule 55(a).[27] Because both of Colonna's motions are based on Lee-Dixon's alleged failure to file an answer or otherwise respond to the complaint in a timely manner, the court treats them both as motions for default judgment.[28] Lee-Dixon argues, correctly, that she was not required to respond to the complaint because Colonna never effected proper service. However, even if Lee-Dixon were required to respond, Colonna is not entitled to a default judgment.

Rule 55(e) forbids the entry of default judgment against an officer of the United States "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."[29] "Mere failure to respond to the complaint within sixty days does not justify entry of default judgment."[30] Because Colonna has not established a claim against Lee-Dixon as discussed above, default judgment is precluded by Rule 55(e).[31]

---

[26] Docket no. 19, filed November 1, 2005.

[27] Docket no. 16, filed September 19, 2005.

[28] *Knouff v. United States*, 74 F.R.D. 555, 556 (W.D. Pa. 1977)(stating that the plaintiff's motion to strike the defendant's motion to dismiss was, "in effect if not form, an application for entry of judgment by default.").

[29] Fed. R. Civ. P. 55(e); *Poliquin v. Heckler*, 597 F. Supp. 1004, 1005 (D. Me. 1984).

[30] *Ross v. United States*, 574 F. Supp. 536, 538 (S.D.N.Y. 1983); *accord United States v. Zulli*, 418 F. Supp. 252, 253 (E.D. Pa. 1975).

[31] *See Glendora v. Pinkerton Sec. & Detective Servs.*, 25 F. Supp. 2d 447, 454 (S.D.N.Y. 1998).

## RECOMMENDATION

Rebecca Colonna lacks standing to assert a claim against Lee-Dixon. Further, Lee-Dixon is entitled to prosecutorial immunity. Accordingly, Lee-Dixon's motion to dismiss[32] should be granted, and Colonna's motion to strike the motion to dismiss[33] and her motion for default judgment[34] should be denied.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

February 16, 2006.

BY THE COURT:

        s/ David Nuffer
David Nuffer
U.S. Magistrate Judge

---

[32] Docket no. 18, filed October 6, 2005.

[33] Docket no. 19, filed November 1, 2005.

[34] Docket no. 16, filed September 19, 2005.